IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD

**TIA LATAUSHA HOWARD,**

        **Petitioner,**

v.                                                  Case No. 1:17-cv-03523

**DAVID WILSON, Warden,**

        **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the court is the petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and, by Standing Order, it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

At the time she filed the instant petition, the petitioner was incarcerated at the Federal Prison Camp in Alderson, West Virginia, serving a 95-month term of imprisonment imposed by the United States District Court for the Middle District of Florida, after her conviction for conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. The petitioner's term of imprisonment was to be followed by a three-year term of supervised release. Judgment, *United States v. Howard*, No. 3:11-cr-00082, ECF No. 189 (M.D. Fla. Nov. 20, 2012). The petitioner completed the Federal Bureau of Prison's ("BOP") Residential Drug Treatment Program ("RDAP") and was recommended for a 240-day (8-month)

placement in a Residential Re-entry Center ("RRC") ("halfway house").

The instant petition asserts that, pursuant to 18 U.S.C. §§ 3621 and 3624 ("the Second Chance Act"), the petitioner should receive a 12-month halfway house placement prior to beginning her term of supervised release, rather than the recommended 8-month placement.  The petitioner contends that BOP staff arbitrarily denied the maximum 12-month placement, in violation of 18 U.S.C. § 3621(b) and 3624 and 34 U.S.C. § 60541(a).  According to the BOP inmate locater, the petitioner was released from BOP custody on December 14, 2018.  Accordingly, her request for relief can no longer be granted and her section 2241 petition is moot.

## **ANALYSIS**

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review.  U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990).  When a case or controversy no longer exists, the claim is said to be "moot."  In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance.  *See*, *e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 Fed. Appx. 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 Fed. Appx. 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, 2007 WL 2897942 (N.D. W. Va. 2007).  As noted above, the petitioner has been released from BOP custody; thus, this federal court is no longer able to grant her requested relief.

Therefore, the undersigned proposes that the presiding District Judge **FIND** that the petitioner's section 2241 petition is now moot in light of her release from BOP custody. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** the petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) and dismiss this matter from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge.   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   Copies of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the petitioner at her last known address and to transmit a copy to counsel of record.

May 6, 2019

Dwane L. Tinsley
United States Magistrate Judge